IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JERRY M. BLANCETT, <br> TDCJ #1192545, <br><br> Petitioner, <br><br> v. <br><br> NATHANIEL QUARTERMAN, Director, <br> Texas Department of Criminal Justice - <br> Correctional Institutions Division, <br> Respondent. | § § § § § § § § § § § § | CIVIL ACTION NO. H-07-4035 |

## **MEMORANDUM AND ORDER**

State inmate Jerry M. Blancett (TDCJ #1192545) has filed a petition under 28 U.S.C. § 2254, seeking a federal writ of habeas corpus to challenge a state court felony conviction. The respondent has answered with a motion for summary judgment, arguing that this federal habeas corpus proceeding is barred by the governing one-year statute of limitations. (Doc. # 7). Blancett has not filed a response and his time to do so has expired. After considering all of the pleadings, the state court records, and the applicable law, the Court grants the respondent's motion and **dismisses** this case for reasons set forth below.

**I.     BACKGROUND**

A Brazos County grand jury returned an indictment against Blancett in cause number 03-002-CRF-85, charging him with the felony offense of indecency with a child by sexual contact. On August 8, 2003, Blancett pleaded guilty to the charges lodged against him. Pursuant to a plea agreement with the State, the 85th District Court of Brazos County, Texas,

sentenced him to serve eight years in prison.  Blancett did not file a timely notice of appeal.

Blancett filed the pending federal habeas corpus petition on November 20, 2007.[1]  Blancett complains that his guilty plea was involuntary because his trial counsel did not correctly advise him about his potential sentence and his eligibility for community supervision (*i.e.*, probation).  In response to Blancett's claim, the respondent argues that the federal habeas corpus petition must be dismissed as barred by the governing one-year statute of limitations.  The motion is addressed below under the applicable legal standard.

## II.     THE ONE-YEAR STATUTE OF LIMITATIONS

The respondent maintains that the pending federal habeas corpus petition is barred by the governing one-year statute of limitations.  According to the Antiterrorism and Effective Death Penalty Act (the "AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996), all federal habeas corpus petitions filed after April 24, 1996, are subject to a one-year limitations period found in 28 U.S.C. § 2244(d)(1).  Because the pending petition was filed well after April 24, 1996, the one-year limitations period clearly applies.  *See Flanagan v. Johnson*, 154 F.3d 196, 198 (5th Cir. 1998) (citing *Lindh v. Murphy*, 521 U.S. 320 (1997)).

Because Blancett challenges a state court conviction, the statute of limitations for federal habeas corpus review began to run pursuant to 28 U.S.C. § 2244(d)(1)(A), at "the

---

[1] The Clerk's Office received the petition on November 28, 2007, and filed it that same day. The petitioner indicates, however, that he placed his pleadings in the prison mail system on November 20, 2007.  Under the mailbox rule, courts treat the date a *pro se* prisoner deposits a federal habeas corpus petition in the mail as the filing date.  *See Fisher v. Johnson*, 174 F.3d 710, 712 n.8 (5th Cir. 1999) (citing *Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998) (per curiam)), *cert. denied*, 531 U.S. 1164 (2001).  Accordingly, the petition is deemed filed on November 20, 2007.

date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." As noted above, Blancett entered a guilty plea on August 8, 2003. His time to file an appeal expired thirty days later on or about September 7, 2003. Because Blancett did not file an appeal within the time allowed, that date triggered the statute of limitations for federal habeas corpus review, which expired one year later on September 7, 2004. The pending federal habeas corpus petition, which was filed on November 20, 2007, is late by more than three years and is therefore time-barred unless Blancett can show that a statutory or equitable exception applies.

Under 28 U.S.C. § 2244(d)(2), the time during which a "properly filed" application for state habeas corpus or other collateral review is pending shall not be counted toward the limitations period. *See Artuz v. Bennett*, 531 U.S. 4 (2000). Blancett filed a notice of appeal to challenge his 2003 conviction on March 22, 2007. An intermediate court of appeals dismissed the appeal for lack of jurisdiction because it was untimely filed. *See Blancett v. State*, No. 10-07-00087-CR, 2007 WL 1373819 (Tex. App. — Waco 2007, no pet.). Blancett filed a state habeas corpus application on July 5, 2006, which the Texas Court of Criminal Appeals denied on November 29, 2006. *See Ex parte Blancett*, No. 65,803-01. Blancett filed a second state writ application on September 24, 2007, which the Texas Court of Criminal Appeals dismissed as successive. Assuming that these applications were properly filed, each one was initiated after the federal habeas statute of limitations had already expired. Accordingly, they do not afford any tolling for purposes of 28 U.S.C. § 2244(d)(2). *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000).

Blancett, who has not filed a response to the summary judgment motion, presents no other basis for statutory tolling and the record fails to disclose any. In that regard, Blancett has not alleged that he was subject to state action that impeded him from filing his petition in a timely manner. *See* 28 U.S.C. § 2244(d)(1)(B). Further, there is no showing of a newly recognized constitutional right upon which the petition is based; nor is there a factual predicate for the claims that could not have been discovered previously if the petitioner had acted with due diligence. *See* 28 U.S.C. § 2244(d)(1)(C), (D). Given his lack of diligence, Blancett further fails to show that his circumstances are among those "rare and exceptional" conditions that warrant tolling for equitable reasons. *See Felder v. Johnson*, 204 F.3d 168, 173 (5th Cir. 2000), *cert. denied*, 531 U.S. 1035 (2000). Because Blancett has not established that he is entitled to any tolling in this instance, his petition must be dismissed as barred by the governing one-year limitations period.

## III.   CERTIFICATE OF APPEALABILITY

Because the habeas corpus petition filed in this case is governed by the Antiterrorism and Effective Death Penalty Act, codified as amended at 28 U.S.C. § 2253, a certificate of appealability is required before an appeal may proceed. *See Hallmark v. Johnson*, 118 F.3d 1073, 1076 (5th Cir.) (noting that actions filed under either 28 U.S.C. § 2254 or § 2255 require a certificate of appealability), *cert. denied sub nom. Monroe v. Johnson*, 522 U.S. 1003 (1997). "This is a jurisdictional prerequisite because the COA statute mandates that '[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be

taken to the court of appeals . . . .'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (citing 28 U.S.C. § 2253(c)(1)).

A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Under the controlling standard, this requires a petitioner to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El*, 537 U.S. at 336. Where denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). The statute of limitations on federal habeas corpus review has been the law for over ten years, since April of 1996. The Court concludes that jurists of reason would not debate whether any procedural ruling in this case was correct or whether the petitioner states a valid claim. Therefore, a certificate of appealability will not issue.

## IV.  CONCLUSION

Based on the foregoing, the Court **ORDERS** as follows:

1. The respondent's motion for summary judgment (Doc. # 7) is **GRANTED**.

2. The federal habeas corpus petition is **DISMISSED** with prejudice as barred by the statute of limitations.

3. A certificate of appealability is **DENIED**.

The Clerk shall provide a copy of this order to the parties.

SIGNED at Houston, Texas, on  April 2nd , 2008.

_____
Nancy F. Atlas
United States District Judge